### The TRAVELERS INSURANCE COMPANY, Plaintiff– Appellee,

v.

### UNITED STATES, Defendant– Appellant.

### No. 01–5137.

United States Court of Appeals, Federal Circuit.

Feb. 24, 2003.

Peter H. Winslow, Scribner, Hall & Thompson, LLP, of Washington, DC, filed a petition for panel rehearing for plaintiff-appellee.

Edward T. Perelmuter, Attorney, Tax Division, Department of Justice, of Washington, DC, filed a response to the petition for defendant-appellant. With him on the response were Eileen J. O'Connor, Assistant Attorney General; David English Carmack, and David I. Pincus, Attorneys.

Before SCHALL, DYK, and PROST, Circuit Judges.

## ORDER

Travelers has petitioned for panel rehearing of the court's September 16, 2002, decision. *Travelers Ins. Co. v. United States,* 303 F.3d 1373 (Fed.Cir.2002).

Travelers argues that we should remand this case because, even under our original decision, issues remain to be resolved by the Court of Federal Claims concerning the foreign tax credit issue. The court invited the United States to respond. In its response, the government initially urged that no issues remained to be resolved. (Appellant's Resp. to Pet. for Panel Reh'g.) However, by letter dated January 21, 2003, the government advised us that, on further reflection, it agreed that one issue remains to be resolved, namely whether "the IRS made a computational error with respect to the 1975 and 1978 taxable years." Under these circumstances we agree that a remand is appropriate for this limited purpose. However, we reject the taxpayer's contention that a remand is required to address other issues concerning the foreign tax credit.[1]

---

1. Travelers argues that 1) it is "entitled to   deduct or exclude from its tax base under [26

The taxpayer also seeks reconsideration of our decision with respect to the foreign currency translation issue. Taxpayer has not offered sufficient reason to reconsider that decision, and we decline to do so.

IT IS ORDERED THAT:

(1) The Petition for Rehearing is granted-in-part and denied-in-part.

(2) The case is remanded to the Court of Federal Claims for the limited purpose of determining whether the IRS made a computational error with respect to the 1975 and 1978 taxable years.

U.S.C. § ] 802(b) 50% of its [positive] underwriting income" for the periods from 1976–77 and 1979–80, and 2) treatment of the policy-holders' share as an exclusion "increas[es] Travelers' foreign tax credit limitation." (Appellee's Pet. for Panel Reh'g at 5–6.)